IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TISHA HENDERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-1417-E-BN |
| | § | |
| ERIC JOHNSON, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Tisha Henderson filed a *pro se* complaint against Defendant Eric Johnson, the substantive allegations of which are: "[i]llegally stalked and hearing people talk and illegally experimented on with out my knowledge and consent." Dkt. No. 3. Henderson also moved for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 5. So United States District Judge Ada Brown referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court will grant Henderson's IFP motion through a separate order, subjecting the complaint to screening under 28 U.S.C. § 1915(e).

Section 1915(e) requires that the Court "dismiss the case at any time" if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Under this standard, a *pro se* complaint need not contain detailed factual allegations – just "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

But, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

And, so, to avoid dismissal, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("The burden is

on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." (quoting *Twombly*, 550 U.S. at 556)).

Applying these standards to the few allegations that Henderson makes, the complaint does not allege a plausible claim against Johnson.

That remains the case even if the Court considers, as Henderson alleges, that Johnson is the Mayor of Dallas. And, so, the complaint, liberally construed, raises the possibility that Henderson alleges a claim under 42 U.S.C. § 1983, to the extent that it is alleged that Johnson violated Henderson's constitutional rights through state action. *See Rich v. Palko*, 920 F.3d 288, 293-94 (5th Cir. 2019). But, again, no facts alleged raise an entitlement to relief from possible to plausible.

The Court should therefore dismiss Henderson's complaint.

The undersigned further observes that this lawsuit is one of at least eight lawsuits that Henderson has filed *pro se* and IFP in the Dallas Division of this district since March 21, 2024, some of which have already been dismissed as frivolous or for lack of subject matter jurisdiction.

While "the judicial system is generally accessible and open to all individuals." *Kaminetzky v. Frost Nat'l Bank of Hous.*, 881 F. Supp. 276, 277 (S.D. Tex. 1995), "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants[, which means that p]ro se litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Ruston v. Dall. Cnty., Tex.*, No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex.

Apr. 9, 2008) (quoting *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)); *see also Matter of Carroll*, 850 F.3d 811, 815 (5th Cir. 2017) ("Federal courts have inherent powers which include the authority to sanction a party or attorney when necessary to achieve the orderly and expeditious disposition of their dockets." (quoting *Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 411 (5th Cir. 1996); citation omitted)).

Accordingly, the Court should warn Henderson that continuing her established practice of filing lawsuits that are frivolous or over which a federal court lacks subject matter jurisdiction could result in sanctions that could restrict her ability to file lawsuits *pro se* and *in forma pauperis*.

## Recommendation

The Court should dismiss the complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) (for failure to state a claim on which relief be granted) and issue an appropriate sanctions warning.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: June 12, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE